UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER MATHEY,

        Plaintiff,

v.

ROBERT CROMPTON,

        Defendant.

_____/

Case No. 1:24-cv-80

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's official capacity claims and Fourteenth Amendment substantive due process claims against Defendant Crompton for failure to state a claim. The Court will also dismiss, for failure to state a claim, any intended Eighth Amendment claims against Defendant Crompton regarding medical treatment that Plaintiff received during his incarceration at the Earnest C. Brooks Correctional Facility (LRF). Plaintiff's individual capacity Eighth Amendment claims regarding eye-related medical care that Plaintiff received at the Oaks Correctional Facility (ECF) and Plaintiff's state law claims against Defendant Crompton will remain in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at ECF in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility and at LRF in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues ECF Doctor Robert Crompton in his official and individual capacity. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he alleges that he has a "history of glaucoma, which escalated to the level of severe inability to see/view anything and everything at both near and distance."[2] (*Id.*, PageID.3.) Plaintiff claims that the prescription "glaucoma eye drops" he uses have caused him to "suffer[] in pain from the significant stinging, severe headaches, and inability to sleep." (*Id.*) Plaintiff states that he "continue[s] to try [and] tolerate and use [the eye drops], to no avail." (*Id.*) Plaintiff alleges that he has been "forced to take/use" the eye drops for over a year, from 2023 to the present. (*Id.*) During that time period, Plaintiff was incarcerated at LRF and his present facility, ECF. (*Id.*)

Plaintiff states that he "had a scheduled chart medical review to optometry for SLT scheduled procedure and surgery." (*Id.*) As of January 25, 2024, Plaintiff "still ha[s] not received any medical SLT treatment or surgery that [he] urgently and seriously need[s]." (*Id.*) Plaintiff alleges that this is "the responsibility of ECF Doctor Crompton, who is/has ignored [Plaintiff's] medical needs and [is] denying [Plaintiff] any/all scheduled appointments and urgent surgery." (*Id.*) Plaintiff states that this "shocks the conscience." (*Id.*)

---

[2] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise an Eighth Amendment claim, a Fourteenth Amendment substantive due process claim, and state law claims against Defendant Crompton. (*See id.*, PageID.3–4.) As relief, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.4.)

**II.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

5

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff sues Defendant Crompton in his official and individual capacity. (Compl., ECF No. 1, PageID.2.)

Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). That is, an official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Here, although not specifically alleged by Plaintiff, Defendant Crompton is employed by a private entity that contracts with the state to provide healthcare to inmates.[3]

A private entity that contracts with the state to perform a traditional state function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations

---

[3] *See, e.g.*, *Haney v. Crompton*, No. 16-cv-13227, 2019 WL 3213939, at *1 (E.D. Mich. July 16, 2019) (stating that "Robert Crompton . . . [wa]s employed by Corizon Health"); *Mitchell v. Corizon Health Inc.*, No. 1:23-cv-1212, 2023 WL 8467792, at *1 (W.D. Mich. Dec. 7, 2023) (stating that Corizon Health was a "private company that previously contracted with the MDOC to provide healthcare services"); *see also Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (discussing that courts may take judicial notice of proceedings in other courts of record).

that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell*, 436 U.S. 658, has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

Consequently, because the requirements for a valid § 1983 claim against a municipality apply equally to Defendant Crompton's employer, this private entity's liability, like a municipality's liability, "must also be premised on some policy [or custom] that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher*, 7 F. App'x at 465. Additionally, Defendant Crompton's employer's liability in a § 1983 action cannot be based on a theory of respondeat superior or vicarious liability. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citation omitted). Here, although Plaintiff believes that he has received inadequate medical care,

7

Plaintiff fails to allege the existence of a custom or policy of Defendant Crompton's employer, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the claim for failure to state a claim is appropriate. *See Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987). Furthermore, liberally construing Plaintiff's complaint, as the Court is required to do, even if Plaintiff intended to suggest the existence of a custom regarding eye-related medical care, his allegations are wholly conclusory. *Cf. Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Accordingly, because Plaintiff fails to allege the existence of a policy or custom of Defendant Crompton's employer, Plaintiff's official capacity claims against Defendant Crompton will be dismissed.[4]

### B.     Eighth Amendment Claims

Plaintiff alleges that Defendant Crompton violated his Eighth Amendment rights by providing inadequate medical care as related to Plaintiff's glaucoma. (*See* Compl., ECF No. 1, PageID.3.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care

---

[4] If Defendant Crompton was employed by the MDOC, Plaintiff's official capacity claims against Crompton would also be subject to dismissal because Plaintiff seeks only monetary damages. (*See* Compl., ECF No. 1, PageID.4.) An official capacity defendant employed by a state is absolutely immune from monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998).

would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

9

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

### 1. Objective Component

Plaintiff alleges that he has "glaucoma, which escalated to the level of severe inability to see/view anything and everything at both near and distance." (Compl., ECF No. 1, PageID.3.) Plaintiff also alleges that his prescription "glaucoma eye drops" have caused him to "suffer[] in pain from the significant stinging, severe headaches, and inability to sleep." (*Id.*)

At this stage of the proceedings, the Court assumes, without deciding, that Plaintiff has alleged sufficient facts to show a serious medical condition. *See, e.g.*, *Spann v. Hannah*, No. 20-3027, 2020 WL 8020457, at *2 (6th Cir. Sept. 10, 2020) (citations omitted) (concluding that a prisoner-plaintiff's allegations that "he suffer[ed] from glaucoma and acute allergic

10

reactions to certain types of eye medications" satisfied the objective component of an Eighth Amendment medical care claim).

### 2. Subjective Component

Plaintiff states that as of January 25, 2024, he "still ha[s] not received any medical SLT treatment or surgery that [he] urgently and seriously need[s]" for his glaucoma. (Compl., ECF No. 1, PageID.3) Plaintiff claims that this is "the responsibility of ECF Doctor Crompton, who is/has ignored [Plaintiff's] medical needs and [is] denying [Plaintiff] any/all scheduled appointments and urgent surgery." (*Id.*)

Although Plaintiff's allegations regarding Defendant Crompton's involvement in Plaintiff's eye-related medical care lack specificity, at this stage of the proceedings, the Court must take Plaintiff's factual allegations as true. Therefore, although Plaintiff has by no means proven his claims, taking Plaintiff's factual allegations as true and in the light most favorable to him, at this time, the Court will not dismiss Plaintiff's Eighth Amendment claims against Defendant Crompton in his individual capacity regarding eye-related medical care that Plaintiff received at ECF.

However, to the extent that Plaintiff intended to hold Defendant Crompton liable for any medical care that Plaintiff received during his incarceration at LRF, Plaintiff fails to state such a claim. Plaintiff alleges that Defendant Crompton works at ECF, and Plaintiff fails to allege any facts suggesting that Defendant Crompton had any involvement in Plaintiff's medical treatment at LRF. Under these circumstances, the Court will dismiss any intended Eighth Amendment claims against Defendant Crompton regarding medical treatment that Plaintiff received during his incarceration at LRF. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

11

### C.      Fourteenth Amendment Substantive Due Process Claims

The Court construes Plaintiff's complaint to raise a Fourteenth Amendment substantive due process claim against Defendant Crompton. (*See* Compl., ECF No. 1, PageID.3.)

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this action, although Plaintiff alleges in a conclusory manner that Defendant Crompton's actions "shock[] the conscience," the *facts* alleged in the complaint do not show that Defendant Crompton engaged in the sort of egregious conduct that would support a substantive due process claim. (Compl., ECF No. 1, PageID.3.) Furthermore, the Eighth Amendment, rather than the

12

"generalized notion of substantive due process," applies to protect Plaintiff's right to receive adequate medical care. *See supra* Part II.B. Consequently, for these reasons, Plaintiff's substantive due process claim will be dismissed.

### D.     State Law Claims

Plaintiff claims that Defendant Crompton violated his rights under state law. (*See* Compl., ECF No. 1, PageID.4.)

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendant Crompton violated state law fails to state a claim under § 1983.

Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Because Plaintiff continues to have pending federal claims against Defendant Crompton, the Court will exercise supplemental jurisdiction over his state law claims against Defendant Crompton.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's official capacity claims and Fourteenth Amendment substantive due process claims against Defendant Crompton will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for

failure to state a claim, any intended Eighth Amendment claims against Defendant Crompton regarding medical treatment that Plaintiff received during his incarceration at LRF. Plaintiff's individual capacity Eighth Amendment claims regarding eye-related medical care that Plaintiff received at ECF and Plaintiff's state law claims against Defendant Crompton remain in the case. The Court will serve the complaint on Defendant Crompton.

An order consistent with this opinion will be entered.

Dated: February 16, 2024         /s/ Ray Kent
                                 Ray Kent
                                 United States Magistrate Judge